# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Joseph M. Butler,** | Case No. 5:21cv963 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Richard Michael DeWine,** | **ORDER OF DISMISSAL** |
| **Defendant.** | |

On May 10, 2021, *pro se* plaintiff Joseph M. Butler ("Butler") filed a civil rights complaint against Richard Michael DeWine, as Governor of the State of Ohio, alleging Governor DeWine violated his constitutional rights when he issued an order mandating facial coverings, social distancing, and "non-congregating" throughout the State of Ohio (*See* Doc. No. 1).

Butler did not pay the filing fee; however, he filed a motion to proceed with this action *in forma pauperis* ("Motion") (Doc. No.2). On June 8, 2021, the Court determined that the Motion was deficient and ordered Butler to file a revised Motion within thirty (30) days of the date of the Order ("Deficiency Order") (Doc. No. 4). The Court expressly warned Butler that the failure to comply with the Court's Deficiency Order may result in the denial of his Motion to proceed *in forma pauperis*. (*Id.*). The docket indicates that a copy of the Deficiency Order was mailed to Butler at the address he provided.

Fed. R. Civ. P. 41(b) provides the Court with the authority to dismiss a case for failure to prosecute or to comply with the Court's orders as a tool to effectively manage its docket. *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir.1999); *see White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (a court may exercise its discretion in dismissing an action without prejudice

pursuant to Rule 41(b*)); see also May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (affirming dismissal of *pro se* case for want of prosecution where plaintiff failed to comply with the court's "readily comprehended" order).

To date, there is no indication on the docket that Butler has paid the filing fee or filed a revised application to proceed *in forma pauperis*. Accordingly, the Court denies Butler's Motion to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action for failure to prosecute.

The Court also notes that on May 13, 2021, prior to the Court's Deficiency Order, Butler filed a document entitled "Quo Warranto" in which he purportedly objects to the Court's requirement of a filing fee or financial information required in order to waive the filing fee. (*See* Doc. No. 3). A quo warranto, however, is an extraordinary remedy in which the legal right to hold office is challenged, and the aim is to remove the challenged officer from his or her position. *State ex rel. St. Sava Serbian Orthodox Church v. Riley*, 36 Ohio St.2d 171, 173, 305 N.E.2d 808 (1973) (citing Ohio Rev. Code Chapter 2733). Pursuant to Ohio Rev. Code §§ 2733.04 and 2733.01, the Ohio Code authorizes the Attorney General or prosecuting attorney to initiate a quo warranto action. *See, e.g., State ex rel. Huron Cnty. Prosecutor v. Westerhold*, 72 Ohio St. 3d 392, 394, 1995 Ohio 86, 650 N.E.2d 463 (1955). Additionally, any "person[s] claiming to be entitled to a public office unlawfully held and exercised by another" may also bring a quo warranto action under Ohio Rev. Code § 2733.06. *State ex rel. Coyne v. Todia*, 45 Ohio St. 3d 232, 238, 543 N.E.2d 1271 (1989) (quoting *State ex rel. Annable v. Stokes*, 24 Ohio St. 2d 32, 32-33, 262 N.E.2d 863 (1970)). Butler does not fall within any class or entity entitled to bring a quo warranto action and therefore lacks standing to bring such an action. *See Miller v. Wayne S. & L. Co.*, N.D.Ohio No. 5:13cv135, 2013 U.S. Dist. LEXIS 18684, at *6 (Feb. 12, 2013).

Accordingly, to the extent Butler has filed a quo warranto action (Doc. No. 3), that action is also dismissed.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

Date:  July 9, 2021

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE